IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
July 12, 2005 Session

## HAROLD BERNARD SCHAFFER v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Dyer County**
**No. C00-99     Lee Moore, Judge**

_____

**No.W2004-02212-CCA-R3-PC  - Filed October 11, 2005**

_____

The petitioner pled guilty to one count of failure to appear in case number 00-99 stemming from the terms included in a previous guilty plea in case number 99-228.  The petitioner then filed a petition for post-conviction relief stating he was afforded ineffective assistance of counsel in case number 00-99.  The post-conviction court denied this petition.  On appeal, the petitioner argues that he was afforded ineffective assistance of counsel in his guilty plea for case number 00-99 and that his guilty plea for case number 99-228 is unenforceable because it lacks clarity.  We affirm the denial of the petition by the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

JERRY L. SMITH, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Timothy Boxx, Dyersburg, Tennessee, for the appellant, Harold Bernard Schaffer.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; and C. Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The petitioner, Harold Bernard Schaffer, entered a guilty plea on October 5, 1999, to one (1) count of possession of cocaine with intent to sell or deliver and one (1) count of possession of marijuana over one half (.5) ounce with intent to sell or deliver.  The trial court sentenced the petitioner to eight (8) years as a Range I offender on the cocaine conviction with a fine of $2,000, and to two (2) years as a Range I offender for the marijuana conviction with a $2,000 fine.  The second $2,000 fine was suspended.  As part of the plea, the petitioner was allowed to go to a drug rehabilitation program lasting one (1) year or more with credit for successful completion. Following successful completion of the one (1) year drug rehabilitation program, the petitioner would be placed on supervised probation if he returned to court and the trial court approved the supervised probation.

The petitioner was given a report date of October 29, 1999, if he was not already in a rehabilitation program. If he was already in a program, the State agreed to submit an order which stated that the petitioner was in a program.

The petitioner did not report on October 29, 1999. The public defender's office, represented him in the plea, received a fax from a rehabilitation facility which stated that the petitioner was a patient. However, the petitioner called the public defender's office on November 16, 1999 to state that the facility was closed. The public defender he spoke with told him to report to jail. The petitioner did not. He attended a series of rehabilitation programs. The district attorney's office did not receive proof of attendance. The petitioner was indicted for one (1) count of failure to appear by the Dyer County Grand Jury on April 10, 2000. The petitioner pled guilty on April 13, 2004 to the charge of failure to appear in Case Number 00-99. The trial court sentenced the petitioner to two (2) years to run consecutively to the sentences imposed in his October 5, 1999 plea to possession of cocaine and possession of marijuana.

The petitioner filed a motion to withdraw his guilty plea on May 18, 2004. On May 20, 2004, the trial court entered an order treating the May 18th motion as a petition for post-conviction relief and appointed counsel. The petitioner filed an amended petition for post-conviction relief on July 26, 2004. Following a hearing on the petition, the trial court denied the petition. The petitioner filed a timely notice of appeal.

### Evidence at the Post-conviction Hearing

The post-conviction hearing consisted of the testimony of several witnesses. The first of the petitioner's witnesses was his trial counsel on the failure to appear charge, which was Case Number 00-99.[1] Case 00-99 counsel testified that his investigation consisted of speaking with the petitioner concerning what happened with his plea in Case Number 99-228 and the various rehabilitation programs in which the petitioner participated. Counsel stated that he met with the petitioner several times prior to the petitioner entering his guilty plea. According to Case 00-99 counsel, the petitioner had participated in two (2) rehabilitation programs where the petitioner was discharged. In the first program, the petitioner was discharged for being a danger to the community. In the second program, the petitioner was discharged against medical advice. Case 00-99 counsel discovered that the public defender's office, who represented the petitioner in Case Number 99-228, never put down a furlough order after his guilty plea to the drug charges. The petitioner's mother also gave Case 00-99 counsel several copies of faxes from the Tony Rice Center rehabilitation facility, but none of these actually confirmed that the petitioner was at the facility for any length of time.

Case 00-99 counsel went on to testify regarding the actual plea. He stated that the last time he spoke with the petitioner, the petitioner said that "he wanted to get this over." Counsel encouraged the petitioner to slow down and went over the indictment with him. Case 00-99 counsel

---

[1]To minimize confusion, we will refer to this attorney as Case 00-99 counsel.

spoke with the district attorney's office and discovered that the State believed that the petitioner was actually in a rehabilitation program on his report date. The petitioner told Case 00-99 counsel that he was not in a rehabilitation program at that time because he had been asked to leave. Case 00-99 counsel also testified that he discussed the likelihood of success at trial with the petitioner. Counsel did not believe that it was likely the petitioner would receive a favorable outcome. On the actual date of the petitioner's indictment for failure to appear, he was not in a rehabilitation program according to Case 00-99 counsel's information.

The petitioner also testified at the post-conviction hearing on his own behalf. The petitioner testified that on October 29, 1999, he was in Texas. The petitioner stated that he was at Miracles in Motion, a rehabilitation facility, that turned out to be a hoax. Petitioner testified he was at Miracles in Motion from October 25, 1999 to November 17, 1999. He stated that he returned from Texas on November 18, 1999 and went to the public defender's office with his mother. The petitioner testified at length regarding his short stays at various facilities. The petitioner testified that he did not remain at any facility for a year, as required by his plea in case number 99-228, because there was no treatment available for that length of time. He stated that long-term treatment at the facilities consisted of twenty-eight (28) days of in-patient treatment followed by a half-way house. Petitioner testified that he did stay at one (1) facility in particular, Serenity Recovery Center ("Serenity"), for twenty-eight (28) days and then moved to half-way house status. He started at Serenity sometime in November of 1999 and remained in that program until January 30, 2000.

The petitioner also testified regarding his dealings with Case 00-99 counsel. Petitioner testified that he never met with Case 00-99 counsel until two (2) hours before the plea agreement. He also stated that Case 00-99 counsel did not show him the indictment on the failure to appear charge. The petitioner stated that he told his counsel that he was where he was supposed to be on October 29, 1999. The petitioner stated that he entered a guilty plea to failure to appear because Case 00-99 counsel told him he was supposed to be in jail on October 29, 1999, and he knew that he was not in jail. The petitioner also maintained at the post-conviction hearing that the State's attorney did not enter the furlough order which was a stipulation to the guilty plea in Case 99-228. The petitioner did admit that upon completion of a rehabilitation program he was supposed to return to court. However, he maintained that he did not return because he did not have a court date. The petitioner also admitted that he never gave proof to the State or the public defender's office about his whereabouts in April of 2000.

The petitioner's mother also testified at the hearing. She testified that she spoke with a member of the district attorney's office about the petitioner when she was meeting with the district attorney regarding her niece. She stated that she told him that the petitioner was doing well. The petitioner's mother admitted that during this conversation, the attorney did not pull out the petitioner's file. She also testified that the petitioner knew he had to report to jail after a year of rehabilitation because she knew that he had to return.

The petitioner's final witness was his trial counsel in Case Number 99-228, in which the petitioner pled guilty to the drug charges.[2] Case 99-228 counsel testified that in pleading guilty to the drug charges the petitioner agreed to be in a rehabilitation program or jail on October 29, 1999, and a furlough order would be submitted if he was in a rehabilitation program. If petitioner successfully completed a one (1) year program, he would be placed on supervised probation and could petition for a suspended sentence. At the time of the petitioner's plea, the public defender's office was not in the habit of preparing a furlough order and supplying it to defendant at the time of the plea. Case 99-228 counsel specifically testified that the petitioner did not have a furlough order. On cross-examination, Case 99-228 counsel stated that the petitioner had not been admitted to a rehabilitation program when he pled guilty. Counsel stated that his office did receive a fax from Miracles in Motion on October 29,1999 stating that the petitioner was there and had been there for a few days. However, Case 99-228 counsel was not familiar with the facility, because it was located in Texas. His office requested more information about the facility. For this reason, Case 99-228 counsel did not prepare a furlough order. On November 16, 1999, Case 99-228 counsel received a telephone call from the petitioner stating that the facility was shutting down. Case 99-228 counsel told the petitioner he needed to report to the jail. The public defender's office later received faxes on more than one (1) occasion informing them that the petitioner was absent without leave from Miracles in Motion.

Case 99-228 counsel stated that he received confirmation on November 22, 1999, that the petitioner was in Methodist Healthcare, a rehabilitation facility in Memphis. Case 99-228 counsel was also informed that after completing about a week at Methodist Healthcare, the petitioner was to report to Serenity. However, Case 99-228 counsel never received confirmation that the petitioner was at Serenity. Case 99-228 counsel did not hear of the petitioner being in a rehabilitation facility for the remainder of 1999 or the years of 2000, 2001, 2002 or 2003.

The State's only witness at the post-conviction hearing was another member of the public defender's office who worked with Case 99-228 counsel. This attorney stated that after the public defender's office received the fax on October 29, 1999 regarding Miracles in Motion, he made a note on the fax that the public defender's office did not know anything about the facility. This attorney then faxed a copy of this to the district attorney's office. This attorney also did not remember the petitioner coming to the public defender's office upon his return to Tennessee from Texas. He believed the petitioner was remembering a meeting that occurred before the petitioner entered his guilty plea.

At the conclusion of the hearing, the post-conviction court stated on the record its findings and denied the petitioner's petition for post-conviction relief. The post-conviction court entered an order denying the petition on the grounds of ineffective assistance of counsel and entering a voluntary and knowing guilty plea on August 16, 2004.

## ANALYSIS

---

[2]To minimize confusion, we will refer to this attorney as Case 99-228 counsel.

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issue raised, we will afford those findings of fact the weight of a jury verdict, and this Court is bound by the court's findings unless the evidence in the record preponderates against those findings. See Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997); Alley v. State, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not reweigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. See State v. Honeycutt, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001).

At the conclusion of the post-conviction hearing, the trial court made the following findings of fact and conclusions of law:

> All right, gentlemen, I've read through both files, I've read the transcripts of the guilty pleas in both cases. I've listened to the evidence here today and I think it all boils down to one thing, [Petitioner], you said it yourself. I opted out of this program, I opted for more, for more of the rehab. The problem that we've got in this case, it's not the fact that there was no furlough order entered. It's not the fact that you didn't know you were supposed to do [sic]. The problem that we have in both of these cases is you were acting on your options.
>
> Unfortunately, you were being allowed to do some of that I think because everyone in Dyersburg loves your mother and father and respects your mother and father greatly. They're wonderful people. But you were acting, [Petitioner], on your own and you were opting to do these things and they were violating every rule that we have in our court system up here.
>
> In the first case you can't have it both ways. If there's no furlough order then you should have been in jail. And you knew what that situation was, there's no question in my mind. If there is a furlough order then you could have gone to rehab. But the whole purpose of these furlough orders is it's not just to let you know what you're supposed to be doing, the furlough order is the document that keeps you from being in jail at that particular time. You didn't – it's a strange thing to me, I have no idea why you chose to go to Texas but it was a horrible mistake and again, you opted to do that and you opted to do that without ever discussing it with [your attorneys]. You just did it and it didn't work out and you went from that one to another one. You never finished any of the rehabs. You should have been in – I'm talking now, your talking has finished, [Petitioner]. Then you get charged finally, several years later I might add, with a failure to appear. Everything that you said – I let you make a speech that day you gave your, you entered your plea of guilty on the failure to

appear and you admitted everything, you know, just as [the State's attorney] says. And I thought at that particular time in your life that you were maybe beginning to accept some responsibility for your actions, but you weren't. You know, you were evidently blowing smoke at me because you obviously are not accepting responsibility still for anything that you've done in these two cases.

There is no ineffective assistance of counsel. You were well represented. You obviously knew what you were doing at the time of the plea was taken [sic] on the failure to appear and there is no basis to set aside or to grant any relief on the motion for specific performance on your plea agreement.

You failed to carry your burden of proof on the issuance of ineffective assistance of counsel or any prejudice that there might be and the petition will be dismissed and your motion will be dismissed.

On appeal from the denial of his petition for post-conviction relief the petitioner argues two (2) issues: (1) whether his trial counsel was ineffective in Case number 00-99 and (2) whether the petitioner's plea agreement in Case number 99-228 should be enforced due to lack of clarity.

### Ineffective Assistance of Counsel

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial. See Powers v. State, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975).

In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. See Strickland v. Washington, 466 U.S. 668, 694 (1984). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." Henley, 960 S.W.2d at 580.

In order for the petitioner to prevail where he has plead guilty, he must show, by clear and convincing evidence, that his attorney failed to properly advise him of the possible consequences of his plea and that trial counsel's failure to do so resulted in prejudice. Once a guilty plea has been entered, effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. In this respect, such claims of ineffective assistance necessarily implicate the principle that guilty pleas be voluntarily and intelligently made. See Hill v. Lockhart, 474 U.S. 52, 56 (1985)

(citing North Carolina v. Alford, 400 U.S. 25, 31 (1970)).  As stated above, in order to successfully challenge the effectiveness of counsel, the petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases.  See Baxter, 523 S.W.2d at 936.  Under Strickland v. Washington, 466 U.S. at 687, the petitioner must establish (1) deficient representation and (2) prejudice resulting from the deficiency.  However, in the context of a guilty plea, to satisfy the second prong of Strickland, the petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill, 474 U.S. at 59; see also Walton v. State, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997).

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings.  See id. at 578.  However, our supreme court has "determined that issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . . ; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness.  Burns, 6 S.W.3d at 461.

Furthermore, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight.  See Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994).  This Court may not second-guess a reasonably based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings.  See id. However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case.  See Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

We conclude that the evidence does not preponderate against the post-conviction court's findings that the petitioner was afforded effective assistance of counsel.  Case 00-99 counsel testified that he met with the petitioner several times, went over the indictment and discussed the likelihood of the outcome if the petitioner went to trial.  In addition, when the petitioner told his trial counsel that he just wanted to get the plea over with, Case 00-99 counsel urged the petitioner to slow down.

In his brief to this Court, the petitioner makes several arguments based upon the specifics of his guilty plea in Case number 99-228 and his sporadic attendance in rehabilitation programs from 1999 until he was arrested at some point, which is unclear from the record, for his indictment for Case number 00-99.  However, the issue in this case is restricted to whether the petitioner was afforded effective assistance of counsel in his guilty plea to Case number 00-99.  Because we have found that the petitioner has failed to establish that his counsel's performance was deficient, this issue is without merit.

**Clarity of Case number 99-228 Guilty Plea**

The petitioner's second argument is whether his guilty plea in case number 99-228 is enforceable because it lacked clarity or ambiguity.  We are unable to review the petitioner's claim

because the sole issue presented to the post-conviction court in this case was whether or not the petitioner was afforded ineffective assistance of counsel. We are constrained to review the issues presented to and ruled upon by the post-conviction court. Tenn. R. App. P. 3(b). In addition, the petitioner would be outside the time for filing a petition for post-conviction relief for his guilty plea in Case number 99-228. A petitioner must file a petition for post-conviction relief "within one (1) year of the date . . . from which the judgment is final." Tenn. Code Ann. § 40-30-102.

Therefore, this issue is without merit.

## **CONCLUSION**

For the foregoing reasons, we affirm the judgment of the post-conviction court.

_____
JERRY L. SMITH, JUDGE